## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN JUDICIAL DISTRICT AT MEMPHIS

MARY E. SEIBER

    Plaintiff

vs.

                                  Case No

                                  **JURY TRIAL DEMANDED**

SHELBY COUNTY GOVERNMENT,
SUPPORT SERVICES/
FLEET SERVICES DEPARTMENT,

    Defendant.

## SECOND AMENDED COMPLAINT OF WILLFUL EPA VIOLATION AND RETALIATION

Comes now, Plaintiff Mary Seiber, by and through her counsel of record, and files this Second  Amended Complaint for Willful Equal Pay Violations and Retaliation against the Defendant, Shelby County Schools. In support of her cause of action, she states the following:

## JURISDICTION

1. This Honorable Court has jurisdiction over the subject matter of this action under the Equal Pay Act of 1963, 29 U.S.C.A. § 206(d). . Plaintiff asserts a cause of action under the Equal Pay Act of 1963, 29 U.S.C.A. § 206(d) et seq. This cause of action is brought within three (3) years of Defendant's discriminatory pay to Plaintiff on April 30, 2021. (Exhibit 1).

2. This action is brought against the Plaintiff's former employer, Shelby County Government, and alleges retaliation after the Plaintiff engaged in protected activity. Shelby County Fleet Services is located at 6325 Haley Road, Memphis, TN 38134.

3. Venue is proper in this district court under 28 U.S.C. §§ 1391 (b) and 1391 (c) in that the claims arose and continued where Defendant resides, conducts business, or can be found.

## PARTIES

4. Plaintiff Mary E. Seiber ( Ms. Seiber or Plaintiff) is an African-American female resident of Shelby County, Tennessee.

5. Defendant Shelby County Government ("Defendant") is, and at all times material was, a governmental public agency within the meaning of 29 U.S.C. § 203 ( r) and (x).

6. Defendant Shelby County Fleet Services is a Support Services branch and a Shelby County Government division. The county owns and operates Fleet Services, which is located in Memphis, Tennessee.

## STATEMENT OF FACTS

7. Plaintiff Mary E. Seiber was employed with Shelby County Government from 2001 until her constructively forced retirement in 2023.

8. Plaintiff began employment with Shelby County Support Services/Fleet Services in February 2001 in Support Services/Fleet Services as a clerical specialist B. Her rate of pay was paid at a rate of 86.66.

9.    William Riley, a male, held the position of P.A.S./accountant C and was paid $86.66.

10.    Upon William Riley's retirement, Plaintiff was assigned all of Mr. Riley's duties, although her title remained clerical specialist. As a clerical specialist, Plaintiff performed work equal to Riley for a job that required equal skill, effort, and responsibility under similar working conditions.

11.    Consequently, the Plaintiff was promoted to the position of administrative tech, performing the same duties as Riley. The Plaintiff believed that she was compensated at a pay rate of 86.66. Like William Riley, the Plaintiff's work hours were 7:00 a.m. to 3:00 p.m. The Plaintiff was never provided with a job conversion results form about her new pay rate.

12.    Additionally, Darryl Levitch, a male administrative tech, was compensated at a rate of 86.66. The Plaintiff performed work equal to Darryl Levitch for a job requiring equal skill, effort, and responsibility under similar working conditions.

13.    After reclassification to the position of accountant C, Defendant gave Plaintiff a form indicating a rate of pay of 81.25, effective April 16, 2021.

14.    Believing an error had occurred, Plaintiff met with Defendant Nycole Alston, support services administrator, and was told that she (Alston) would look into the matter.

15.    Alston told Plaintiff that she would find out the cause of the error.

16.    On April 30, 2021, Plaintiff received her first paycheck with a pay rate of 81.25. Exhibit 1.

17.     Plaintiff continued to seek answers from Defendant's management personnel but received no assistance or resolution. She was told that "they" were working on it.

18.     On May 23, 2022, the Plaintiff received a letter from Alston that she had been paid 81.25 since 2015.

19.     After that, the Plaintiff began to ask about pay rates from similarly situated employees and learned that their compensation was 86.66.

20.     Darryl Levitch (male Admin Tech) told her that he was paid at a rate of 86.66 during the same period that Plaintiff was Admin Tech. The Plaintiff and Levitch performed the same job duties with similar or exact responsibilities with equal skill, effort, and responsibility performed under similar working conditions.

21.     Plaintiff told Defendant Nycole Alston that she believed she was a victim of pay discrimination.

22.     Shortly afterward, the Plaintiff was moved to Support Services, where the employee pay rate was 81.25. The demotion did not change the Plaintiff's duties or responsibilities.

23.     Plaintiff filed a complaint with Defendant's internal EEO alleging discrimination based on race, color, EPA, and retaliation. The Plaintiff's complaint with internal EEO was based on her claim of unequal pay when compared to the similarly situated white employees.

24.     Finally, an accumulation of health concerns, humiliation, and practical exclusion from the workplace combined to force Plaintiff from her job with Shelby County Defendants.

## CAUSES OF ACTION

25.     Plaintiff incorporates the preceding paragraphs above as though specifically set forth herein.

26.     The Defendant's actions constitute unlawful pay discrimination based on sex, which violated the Equal Pay Act of 1963. The Defendant's unlawful pay discrimination motivated the Plaintiff's demotion and ultimately caused her to resign. Furthermore, race was a factor in the discrepancy in pay between the Plaintiff ( Black ), Mr. Riley (Caucasian), and Mr. Levitch (Caucasian). Discriminatory pay fueled by race is further evidence of the willfulness of Defendant's actions. Lesser pay for equal work based on race is not a legitimate business reason justifying sex-based pay discrimination.

27.     Defendant knowingly and willfully failed to pay Plaintiff equal wages for equal work, and when Plaintiff protested the unequal pay, Defendant demoted her to a lesser job position where clerical workers received 81.25. Consequently, Plaintiff asserts a cause of action for retaliation under the Equal Pay Act for Defendant's willful and discriminatory conduct concerning her pay.

28.     As a direct and proximate result of Defendant's unlawful conduct toward Plaintiff, Plaintiff has suffered lost wages and benefits and has sustained other pecuniary losses due to her forced retirement. Plaintiff, due to Defendant's actions, has suffered damage to her life-long vocation and reputation. Defendant's pay rate discrimination has been demeaning to Plaintiff and has caused her to suffer pain, humiliation, embarrassment, and emotional distress;

29.    Defendant's conduct against Plaintiff was in retaliation of her known engagement in protected activity against Defendant's discriminatory conduct;

30.    Defendant's unlawful conduct, which is complained of above, was intentional, malicious, and recklessly disregardful of Plaintiff's statutory rights to receive equal pay for equal work. The Defendant knew and showed reckless disregard for the matter of whether the Fair Labor Standards Act (FLSA) prohibited its conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

1.    Back pay, lost benefits, and other liquidated damages equal to back pay proximately caused by Defendant's unlawful conduct;

2.    Front pay and the value of future lost benefits;

3.    Compensatory damages against Defendant for Three Hundred Thousand Dollars;

4.    All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney fees permitted under the law.

5.    For all further relief as deemed just and proper.

6.    The Plaintiff demands a jury to try the issues joined herein.

Respectfully submitted,


s/Linda K. Garner (BPR# 013573)
40 South Main, Suite 1523
Memphis, Tennessee  38103
901- 524-1111
901- 524-1004 Facsimile
lgarner4@comcast.net


## CERTIFICATE OF SERVICE

A copy of the preceding Second Amended Complaint was emailed to Joe Leibovich at joe.leibovich@shelbycountytn.gov and Pamela Kelly at Pamela.W.Kelly@shelbycountytn.gov on October 23, 2024, and served through ECF for the Western District of TN.

s/Linda K. Garner