IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| MARY E. SEIBER , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:24-cv-02261-SHL-cgc |
| | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| SUPPORT SERVICES/ | ) | |
| FLEET SERVICES DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MEMORANDUM IN SUPPORT OF**
**DEFEENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendant, Shelby County Government, pursuant to Fed. R. Civ. P. 12(c) hereby moves the Court to grant a Judgment on the Pleadings in its favor and dismiss Plaintiff's claims with prejudice.

## I. Facts and Background

Plaintiff filed her initial Complaint on April 24, 2024 (ECF No. 1). In that Complaint, Plaintiff alleged discrimination under Title VII of the Civil Rights Act of 1964 as amended, discrimination under the Equal Pay Act and retaliation. Plaintiff filed an Amended Complaint on October 22, 2024, in which she dropped her Title VII claims. (ECF No. 13). Due to a deficiency notice (ECF No. 14), Plaintiff then filed a Second Amended Complaint of Willful EPA Violation and Retaliation. (ECF No. 15) (Hereafter, "Complaint").

Defendants filed an Answer on November 6, 2024. (ECF No. 16).

## II. Law and Argument

### A. Standard for Motions for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under "the same…standard applicable to motions to dismiss under Rule 12(b)(6)." *Moore v. Memphis Memory Gardens*, 2023 WL 6316194 at *2 (W.D. Tenn. Sept. 28, 2023)(quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).

A Plaintiff's complaint must do more than allege a legal violation. The United States Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 "(2009) (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted).

Thus, in deciding a Motion to Dismiss (and by extension a motion for judgment on the pleadings), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Royal Truck and Trailer Sales and Service, Inc. v. Kraft*, 974 F. 3d 756, 758 (6th Cir. 2020) (citations omitted). However, mere conclusory allegations "are not entitled to the assumption of truth" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. This is because it is well established that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

An employment discrimination plaintiff need not establish their *prima facie* case at the motion to dismiss stage. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). Nonetheless, in analyzing whether a pleading can survive a motion to dismiss, courts often look at the prima facie elements to determine whether there is a claim that can survive a motion to dismiss. *Myrtil v. Serra Chevrolet,* 2022 WL 20755495 at *3 (W.D. Tenn. Dec. 19, 2022) (citing *Towns v. Memphis/Shelby Cty. Health Dept*., 2019 WL 63905, at *4 (W.D. Tenn. Jan. 25, 2019) (other citations omitted).[1]

**B. Plaintiff fails to state a discrimination claim under the Equal Pay Act.**

The Equal Pay Act prohibits employers from paying an employee less that what they pay individuals of the opposite gender for equal work. 29 U.S.C. §206(d)(1). In order to establish a *prima facie* claim under the Equal Pay Act, the plaintiff must demonstrate that "an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Bell-Kimmons v. Shelby Cnty., Tenn.*, 2020 WL 12932384 at *4 (W.D. Tenn. Dec. 2, 2020)(quoting *Buntin v. Breathitt Cnty. Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir. 1998)).

Plaintiff's Second Amended Complaint ("Complaint") appears to be an attempt to claim both gender and race discrimination under the Equal Pay Act. The Complaint claims Plaintiff made an internal complaint with the County's Equal Opportunity Compliance Office ("EOC").[2] The Complaint states, "The Plaintiff's complaint . . . was based on her claim of unequal pay when

---

[1] This was a Title VII case.

[2] Plaintiff errantly refers to "internal EEO" as opposed to EOC.

compared to the similarly situated white employees." (Complaint, ECF No 15, ¶ 23, PageID 39). The Complaint also states, "The Defendant's actions constitute unlawful pay discrimination based on sex, which violated the Equal Pay Act of 1963…Discriminatory pay fueled by race is further evidence of the willfulness of Defendant's actions. Lesser pay for equal work based on race is not a legitimate business reason for justifying sex-based discrimination." (*Id*. at ¶ 26, PageID 40). It is, therefore, confusing as to whether Plaintiff is attempting to argue alleged pay disparities based on race can support an Equal Pay Act claim. To the extent Plaintiff is attempting to claim race discrimination under the Equal Pay Act must fail.

The plain language of the statute states:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees **on the basis of sex** by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the **opposite sex** in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex…

29 U.S.C. §206(d)(1) (emphasis added).

The statute does not address disparities based on differences other than gender. (See, e.g., *Ayorinde v. Team Industrial Services, Inc.*, 121 F.4th 500, 506 (5th Cir. 2024)("As a matter of law, the Equal Pay Act does not apply to claims of race discrimination.")(quotation omitted); see, also, *Schluter v. Encore Rehabilitation Services, LLC*, 2020 WL 7395994 at *1 (E.D. Mich. Dec. 17, 2020)("Plaintiff's effort to 'continue my race-based wage discrimination claim under the Equal Pay Act' is unavailing, as the Equal Pay Act remedies gender-based, not race-based, wage discrimination.")(citing 29 U.S.C. § 206(d)(1)).

To the extent Plaintiff seeks redress for alleged race discrimination under the Equal Pay Act, such claims should be dismissed with prejudice.

Plaintiff also fails to state a claim of gender discrimination under the Equal Pay Act. Plaintiff's Complaint is built on a fundamental misunderstanding. Her Complaint says "[Plaintiff's] rate of pay was paid at a rate of 86.66." (ECF No. 15, ¶ 8, PageID 37). She then states, "William Riley, a male, held the position of P.A.S/accountant C and was paid $86.66." (*Id.* at ¶9, PageID 38). She then goes on to claim that when Riley retired she was given his duties, promoted and eventually reclassified. (*Id*. at ¶¶ 10, 11, 13, PageID 38). She states that following her reclassification "Defendant gave Plaintiff a form indicating a rate of pay of 81.25, effective April 16, 2021." (*Id.* at ¶ 13). She states, "On April 30, 2021, Plaintiff received her first paycheck with a pay rate of 81.25." (*Id*. at ¶ 16). This pay information is attached to the Complaint as Exhibit 1. (ECF No. 15-1).

Plaintiff's Complaint is written in such a way that it appears she is claiming that her rate of pay was lowered from $86.66 to $81.25. But on the plain face of Exhibit 1, it is clear that the 81.25 number relates to the number of hours in a pay period, and not how much Plaintiff made per hour.

There is, therefore, absolutely no indicia from the Complaint that Plaintiff's pay was reduced when she was reclassified. In fact, nowhere on the face of the complaint is there any allegation that Plaintiff made less money than William Riley or Darryl Levitch, the other individual she identifies. (Complaint, ECF No. 15, ¶ 12, PageID 38). Plaintiff merely claims that the two individuals she identified were paid on an 86.66 "rate of pay" and that she was paid on an 81.25 "rate of pay".

Plaintiff does not allege she was paid less per hour (or less at all) than either Riley or Levitch. There are absolutely no facts pled from which one could reasonably infer that Shelby County paid "different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."

Plaintiff's apparent confusion about number of hours versus rate of pay is insufficient to support an Equal Pay Act Claim, and the County requests that Court dismiss Plaintiff's discrimination claims under the Equal Pay Act with Prejudice and grant Defendant a judgment on the pleadings.

**C. Plaintiff Fails to State a Retaliation Claim.**

Retaliation claims under the Equal Pay Act follow the same burden-shifting framework as found in Title VII claims. *Barnard v. Powell Valley Elec. Coop*., 2022 WL 1261831 at *8 (April 18, 2022) (citing *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 514 (6th Cir. 2021). In order to establish a prima facie case of retaliation, a plaintiff must establish that she:

> (1) "engaged in a protected activity"; (2) [her] "exercise of such protected activity was known by the defendant"; (3) the defendant subsequently "took an action that was 'materially adverse' to the plaintiff"; and (4) "a causal connection existed between the protected activity and the materially adverse action."

*Briggs*, 11 F4th at 514 (quoting *Rogers v. Henry Ford Health Sys*., 897 F.3d 763, 775 (6th Cir. 2018)(further citations omitted)).

In the retaliation context, adverse employment actions are "those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant," such that "they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hykes v. Geithener*, 2014 WL 4656373 at *16 (W.D. Tenn. Sept. 15, 2014) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 584 U.S. 53, 57 (2006)).

Although it is typically a relatively low bar to plead adverse action in the retaliation context, Plaintiff's Complaint fails to meet this standard as Plaintiff fails to allege any materially adverse action occurred.

Plaintiff's Complaint alleges that she had been paid at a rate of 81.25 effective April 16, 2021, and that she received her first paycheck with that hourly accrual on April 30, 2021. (ECF No. 15, ¶¶ 13, 16, PageID 38). She states she began asking questions about other individuals' hours after May 23, 2022. (*Id*. at ¶¶ 18-19, PageID 39).

Plaintiff states she then told management that she believed she was a victim of pay discrimination.[3](*Id*. at ¶ 21, PageID 39).

Plaintiff then sets forth the only claim she has for alleged retaliation by stating, "Shortly afterward, the Plaintiff was moved to Support Services, **where the employee rate was 81.25. The demotion did not change the Plaintiff's duties of responsibilities**." (*Id*. at ¶ 22, PageID 39) (emphasis added). Plaintiff merely labelling this a demotion is not sufficient to raise a valid retaliation claim. Furthermore, Plaintiff's own allegations show she did not suffer any material adverse actions whatsoever.

Prior to the change, Plaintiff had a "pay rate" of 81.25. Her Complaint states she already worked in Support Services. (ECF No. 15, ¶ 8, PageID 37)("Plaintiff began employment with Shelby County Support Services/Fleet Services in February 2021…"). According to the Complaint her "pay rate" remained 81.25. Plaintiff, by her own Complaint shows she had no change in duties and no change in responsibilities. Plaintiff alleges no meaningful changes

[3] As discussed in section II(B) supra, Plaintiff's claim of pay discrimination is both meritless and confusing.

whatsoever in her Complaint, and she sets forth no set of facts from which any (much less a reasonable) interference of retaliation can be made.

For these reasons, Defendant requests that the Court dismiss Plaintiff's retaliation claims with prejudice and grant Defendant a judgment on the pleadings as to such claims.

**D. Plaintiff's Claims Against Support Services/Fleet Services Should be Dismissed.**

Plaintiff's claims against Support Services/Fleet Services Department should be dismissed as redundant. Those named "entities" are merely departments or part of Shelby County Government. Shelby County Government is a named Defendant. (see. e.g., *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [the complaint]."); see, also, *Williams v. Luttrell*, 2007 WL 2238291 at *2 (W.D. Tenn. Aug. 1, 2007)("Because it is redundant to name a sheriff's department and the parent county, the Plaintiff's suit against the Shelby County Sheriff's Office is DISMISSED.")).

For these reasons, the claims against Support Services/Fleet Services Department should be dismissed with prejudice.

## III. CONCLUSION

For all of the above reasons, Defendant requests that the Court grant Motion for Judgment on the Pleadings in this matter in favor of all named Defendants, that it dismiss all of Plaintiff's claims with prejudice, and that it provide Defendant with all other relief to which it is entitled.

Respectfully submitted,

***s/ R. Joseph Leibovich***

R. JOSEPH LEIBOVICH (BPR #17455)
joe.leibovich@shelbycountytn.gov
PAMELA WILLIAMS KELLY (BPR #029504)
pamela.w.kelly@shelbycountytn.gov

Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
Attorneys for Defendants, Shelby County Government, Support Services/Fleet Services Department

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 24th day of March, 2026, for service on all persons registered in connection with this case, including:

Linda K. Garner
40 South Main, Suite 1523
Memphis, Tennessee 38103

***s/ R. Joseph Leibovich***