**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS**

MARY SEIBER,

      PLAINTIFF,

                                  **NO. 2:24-cv-02261-SHL-cgc**

v.

SHELBY COUNTY GOVERNMENT
SUPPORT SERVICES
FLEET SERVICES DEPARTMENT

      DEFENDANTS.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS, REQUEST TO AMEND THE COMPLAINT TO CLARIFY THE
EXISTING ALLEGATIONS WITH PROPOSED ATTACHED THIRD AMENDED
COMPLAINT**

---

The Plaintiff Mary Seiber ("Plaintiff") responds to Defendant's motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff further requests leave of Court to amend her Second Amended Complaint to clarify the existing allegations in her Second Amended Complaint.

A defendant may obtain dismissal of a claim that fails to satisfy the rule requiring a short and plain statement of a claim by filing a motion under Rule 8, which, if unsatisfied, permits judgment on the pleadings. Fed. R. Civ. P. 8(a)(2), 12(c).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."' Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). A motion for judgment on the pleadings is analyzed under the same standards as a motion to dismiss for failure to state a claim. Fed.R.Civ. P. 12(b)(6), 12 (c).

On a motion for judgment on the pleadings, a court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer more than the mere possibility of misconduct. Id. For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Id.

Assumption of veracity for allegations in the complaint, when considering a motion for judgment on the pleadings, does not extend to bare assertions of legal conclusions, nor is a court considering such a motion bound to accept as true a legal conclusion couched as a factual allegation. Id. After sorting the factual allegations from the legal conclusions, a court deciding a motion for judgment on the pleadings considers whether, if true, the factual allegations would support a claim entitling the plaintiff to relief. Id.

To make a prima facie showing of Title VII retaliation, an employee must show "(1) He engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a

causal connection between the protected activity and the adverse employment action." <u>Laughlin v. City of Cleveland</u>, No. 15-3486 (6th Cir. 2015).

To establish a prima facie case of unequal pay for equal work under the Equal Pay Act (EPA), a plaintiff has the burden to prove that the employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. <u>Tolliver v. Children's Home-Chambliss Shelter</u>, 784 F. Supp.2d 893 (E.D. Tenn. 2011).

<u>RELEVANT FACTUAL ALLEGATIONS IN THE SECOND AMENDED COMPLAINT</u>

¶ 8. The Plaintiff, Mary E. Seiber, began employment with Shelby County Fleet Services in February 2001 as a clerical specialist B. Her rate of pay was 86.66.

¶ 9. William Riley, a male, held the position of P.A.S./accountant C and was paid $86.66.

¶ 10. Upon Riley's retirement, the Plaintiff was assigned all of Riley's duties while performing work equal to Riley's.

¶ 11. Plaintiff was promoted to the position of Administrative Tech, performing the same duties as Riley and working the same hours, 7:00 a.m. to 3:00 p.m. Defendant never gave Plaintiff a job conversion. Plaintiff believed that she was compensated at a pay rate of 86.66.

¶ 13. After reclassification to Accountant C, Defendant gave Plaintiff a form indicating that she was actually paid at 81.25.

¶ 14. Plaintiff met with Defendant to report the error, and Defendant agreed to review the matter.

¶ 17.  On May 23, 2022, Plaintiff learned from Defendant that her pay rate had been 81.25 since 2015.

¶ ¶ 19-20. Plaintiff began investigating the pay rates of similarly situated males, including Darryl Levich, and learned that their compensation was 86.66.

¶ 21.  Plaintiff told Defendant that she was a victim of pay discrimination.

¶ 22.  Shortly thereafter, Defendant moved the Plaintiff to Support Services, where the rate of pay was 81.25, where the Plaintiff kept the duties and responsibilities of accountant C.

ARGUMENT

At the outset, the Plaintiff admits that the Second Amended Complaint is not a clear articulation of the meaning of the phrase rate of pay. Plaintiff was paid for fewer hours on the same workday. (See Proposed Third Amended Complaint).

However, the Second Amended Complaint incorporates factual allegations that, if accepted as true, state a plausible Title VII retaliation claim under Rule 8 and Twombly. The Second Amended Complaint alleges that Plaintiff assumed first the duties, and later the title of "Accountant C" at Shelby County Fleet Services. ¶¶ 11, 13. The Complaint alleges that William Riley, a male, was in the position of Accountant C prior to the Plaintiff. ¶ 9. The Complaint further alleges that Plaintiff and Riley worked the same hours (7:00 a.m. -3:00 p.m.) and that Plaintiff assumed all of Riley's job duties upon his retirement. The Second Amended Complaint avers that, while Plaintiff believed she was compensated at 86,66, she later learned that her actual rate of pay was 81.25. Plaintiff's Second Amended Complaint names two comparators who received 86.66 for the same or similar work for which she received 81.25. When the Plaintiff complained about the discriminatory pay, she was moved to support services, a department that supported the 81.25 discriminatory pay she had complained about. ¶¶ 21-22.

In the Plaintiff's Second Amended Complaint, she sets forth sufficient facts that, if accepted as true, establish a prima facie case of Title VII retaliation. The Second Amended

4

Complaint sets forth facts showing that the Plaintiff erroneously believed that she was on the same pay structure, 86.66, as similarly situated males doing similar work. When she learned that the Defendant was actually paying her at the lower rate under an 81.25 pay structure, she complained to management (Nycole Alston) about discriminatory pay (protected activity). She was thereafter moved to support services, a department that supported the 81.25 pay structure. (adverse employment action). Defendant still required Plaintiff to perform the duties of an accountant C, without the 86.66 compensation rate of similarly situated males.

Thus, while Plaintiff's second amended complaint lacks some clarity, the Defendant understood the allegations in the Second Amended Complaint, as evidenced by its Answer filed on November 6, 2024. Furthermore, Plaintiff sufficiently sets forth a willful violation of the Equal Pay Act, using William Riley and Darryl Levich as comparators, and setting forth the discriminatory pay structure.

### Request to Amend the Second Amended Complaint

Pleading amendments are governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that the court should freely give leave when justice so requires. Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." Inge v. Rock Fin. Corp., 388 F.3d 930, 937 (6th Cir. 2004). The Supreme Court has clarified that, absent any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing the amendment, or futility of the

amendment, the leave should be freely given. <u>Foman v. Davis,</u> 371 U.S. 178, 182 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint." <u>Newberry v. Silverman</u>, 789 F.3d 636, 645 (6th Cir. 2015).

Here, Plaintiff amended her initial Complaint to include Fleet Services and later to dismiss time-barred race discrimination claims. The case has not moved as quickly as desired, but the Defendant will not suffer prejudice with the allowance of an amendment. The case is still in the early stages of discovery. Thus, Plaintiff requests leave of Court to clarify the allegations in her Second Amended Complaint.  (See Attached Proposed Amended Complaint).

## **CONCLUSION**

The Plaintiff has pleaded sufficient facts that, if true, support a cause of action for Title VII Retaliation and violation of the Equal Pay Act.  The Court should deny Defendant's Motion for Judgment on the Pleadings.  In the alternative, the Plaintiff requests that she be allowed to amend her Second Amended Complaint to state her cause of action with more clarity.

Respectfully submitted,

s/Linda K. Garner (TN BPR #13573)
Lady Lawyers
40 South Main Street, Suite 1523
Memphis, Tennessee 38103
(901) 524-1111 – telephone
(901) 524-1004 – facsimile

**<u>CERTIFICATE OF SERVICE</u>**

I, Linda K. Garner, certify that on April 23, 2026, the foregoing Plaintiff's ***Response to Defendant's Motion for Judgment on the Pleadings, and Request to Amend was*** sent via electronic mail and regular mail postage prepaid to R. Joseph Leibovich, Attorney for Defendant.


s/Linda K. Garner