IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY E. SEIBER , ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:24-cv-02261-SHL-cgc |
| ) | |
| SHELBY COUNTY GOVERNMENT, ) | |
| SUPPORT SERVICES/ ) | |
| FLEET SERVICES DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**DEFEENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS, REQUEST TO AMEND THE
COMPLAINT TO CLARIFY EXISTING ALLEGATIONS WITH PROPOSED THIRD
ATTACHED COMPLAINT**

Defendant, Shelby County Government, hereby replies to Plaintiff's Response to

Defendant's Motion for Judgment on the Pleadings, Request to Amend the Complaint to Clarify

the Existing Allegations with Proposed Attached Third Amended Complaint (ECF No. 29)

("Response").

Plaintiff's Response does not in any material way negate any of the arguments raised by

Defendant in its Motion for Judgment on the Pleadings and accompanying Memorandum. (ECF

Nos. 26 & 26-1).

Plaintiff correctly states her Second Amended Complaint should have stated the difference

in pay was based on an 81.25 versus 86.66 hours each pay period. However, even at that, Plaintiff

does not allege whether she was paid as an hourly employee or a salaried employee. This is, of

course, an easy question to answer, but it is not pled by Plaintiff one way or the other in her Second

Amended Complaint. Likewise Plaintiff fails to plead that either of her alleged comparators made more money than she did – either per hour or overall.  Without these basic allegations, Plaintiff's Complaint wholly fails to state a claim upon which relief can be granted based on discrimination under the Equal Pay Act.

As for retaliation, Plaintiff's Response recites the elements of retaliation but does not respond to Defendant's arguments at all. Indeed, her summary conclusion of her argument states:

> Thus, while Plaintiff's second amended complaint lacks some clarity, the Defendant understood the allegations in the Second Complaint, as evidenced by its Answer…Furthermore, Plaintiff sufficiently sets forth a willful violation of the Equal Pay Act using William Riley and Darryl Levitch as comparators, and setting forth the discriminatory pay structure.

(Response, ECF No. 29, PageID 90).

Similarly, Plaintiff's Response does not address Defendant's argument that Support Services/Fleet Services should be dismissed as they are departments of Defendant Shelby County Government.

Plaintiff's main attempt to meet Defendant's Motion is to request that she be allowed to file a fourth Complaint in this case.  Plaintiff filed her initial Complaint on April 24, 2024. (ECF No. 1).  On October 22, 2024, Plaintiff filed an Amended Complaint, followed by a Second Amended Complaint the following day due to a deficiency notice from the Court. (ECF Nos. 13-15). Defendant filed an Answer to the Second Amended Complaint on November 6, 2024 (ECF No. 16).

Defendant's Anwer made it clear that the Second Amended Complaint's use of "rate of pay" was an error. The Second Amended Complaint made it seem that there were rates of pay of $86.66 and $81.25 in question. However, the Answer made it clear these were not actually hourly pay rates.

2

Plaintiff did not seek to amend her Complaint at that time.

Instead, Plaintiff waited in excess of 16 months until after Defendant filed the instant Motion for Judgment on the Pleadings (ECF No. 71) on March 24, 2026 before seeking to file another amended complaint.

The Court should not allow this.

While it is true that Fed. R. Civ. P. 15(a) provides that leave shall be granted when justice so requires, this right is not absolute. " In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (see, also, *Pratt-Hill v. Highline Warren, LLC*, 2024 WL 6975921 at *2 (W.D. Tenn. Aug. 13, 2024)).

Those factors weigh against allowing the amendment.

Plaintiff had ample opportunity to attempt to fix her Complaint following Defendant's filing of an Answer. Instead, Plaintiff waited over a year to do so and waited until Defendant went through the effort to file the current motion. Defendant asks that the Court not allow Plaintiff the opportunity to file another Complaint after waiting so long to do so after the relevant issues were raised in the Answer.

Plaintiff did not consult with Defendant prior to requesting that it be allowed to file another amended complaint. Plaintiff's response (which is, in part, a motion by another name) lacks a certificate of consultation. Under the Local Rules, "Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." L.R. 7.2 (a)(1)(B).

3

Likewise, Plaintiff has already filed an initial Complaint and two amended complaints. Plaintiff has had sufficient bites at this apple. It would not be reasonable to offer a fourth bite.

Furthermore, the Court should deny Plaintiff's request to file a Third Amended Complaint as doing so would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Pratt-Hill* at \*3 (citations omitted).

Here, Plaintiff's proposed Third Amended Complaint would be futile.

As for the Equal Pay Act discrimination claim, Plaintiff still provides no allegation that anyone was treated better than her. The proposed complaint clarifies that William Riley and Daryl Levitch worked on a 86.66 hour per pay period basis, while Plaintiff's basis was 81.25 hours. (ECF No. 29-1, ¶¶6-8, PageID 94). However, Plaintiff at no point in this proposed Complaint states why this matters. She does not allege she was an hourly employee – as opposed to salaried. Plaintiff does not state that either Riley or Levitch made either more per hour or more overall than her. There is nothing in the proposed complaint that even hints that Plaintiff received less pay or lesser benefits than either Riley or Levitch.

Similarly, Plaintiff fails to state facts that could survive a motion to dismiss on a Title VII retaliation claim. Plaintiff claims that after her complaints, she was put in a position with a 81.25 pay structure – exactly as she was prior to her complaints. (Proposed Third Amended Complaint, ECF No. 29-1, ¶ 16, PageID 95). Plaintiff also claims she was asked to perform "impossible tasks." *Id*. at ¶ 19, PageID 96). However, Plaintiff in no way indicates she suffered any reprisal for failing to complete such tasks, other than to be asked to attempt the task again. (*Id*. at ¶ 20). Plaintiff claims she was shunned in the workplace and not spoken to due to her "opposition". (*Id*. at ¶ 21). This conclusory statement is insufficient to support a claim of retaliation and, furthermore, it does not even say who engaged in this alleged shunning. Plaintiff has certainly not stated facts sufficient

4

to establish such behavior was done by anyone with knowledge of her activity or that it was due to such activity other than Plaintiff's single conclusory statement that this was the case.

Plaintiff's fourth complaint is simply insufficient to withstand a motion to dismiss as to discrimination or retaliation under the Equal Pay Act.

Plaintiff appears to possibly be attempting to resurrect an abandoned Title VII retaliation claim. (See ECF No-29-1, ¶ 3, PageID 93)[1]. She cannot do so.

A claimant under Title VII must exhaust their administrative remedies first, which requires the timely filing of an EEOC charge. *Scott v. Eastman Chemical Co.*, 275 Fed.Appx. 466, 470-71 (6th Cir. 2008). Such a charge in Tennessee must be filed within 300 days of the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e)(1). Once the EEOC has issued a Notice of Rights Letter, an individual can bring a private cause of action within 90 days. 42 U.S.C. §2000e-5(f)(1).

Here, Plaintiff initially included a Title VII claim. Plaintiff attached a Dismissal and Notice of Rights letter to her initial Complaint. (ECF No. 1-3, PageID 10). This letter was issued on February 12, 2024. However, Plaintiff dropped her Title VII claims when she filed her Amended Complaint of Willful EPA Violation and Retaliation on October 22, 2024.  (ECF No. 13). Plaintiff is now time-barred from asserting any Title VII claim covered by her initial charge, and has failed to exhaust her administrative remedies as to any other Title VII claims.

Finally, nothing in the proposed Third Amended Complaint would prevent a dismissal of Support Services and Fleet Services for the reasons already set forth in the Memorandum in Support of Defendant's Motion for Judgment on the Pleadings. (ECF No. 26-1)

---

[1] The Causes of Action section of the Third Amended Complaint does not include any Title VII claims, but based on the other paragraphs in this complaint, Defendant deems it prudent to address this issue.

Plaintiff's Third Amended Complaint would, therefore, be a futile filing which should be denied.

For all the reasons set out herein and in the Memorandum in Support of Defendant's Motion for Judgment on the Pleadings, Defendant requests that the Court deny Plaintiff's request to file a Third Amended Complaint, that it grant Defendant's Motion for Judgment on the Pleadings in its favor in this matter, that it dismiss all of Plaintiff's claims with prejudice, and that it provide Defendant with all other relief to which it is entitled.

Respectfully submitted,

_**s/ R. Joseph Leibovich**_

R. JOSEPH LEIBOVICH (BPR #17455)
joe.leibovich@shelbycountytn.gov
PAMELA WILLIAMS KELLY (BPR #029504)
pamela.w.kelly@shelbycountytn.gov

Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
Attorneys for Defendants, Shelby County
Government, Support Services/Fleet Services
Department

<u>Certificate of Service</u>

I certify that the foregoing is being filed via the Court's ECF system this 27th day of April, 2026, for service on all persons registered in connection with this case, including:

Linda K. Garner
40 South Main, Suite 1523
Memphis, Tennessee 38103

***s/ R. Joseph Leibovich***