## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| MARY E. SEIBER, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:24-cv-02261-SHL-cgc |
| SHELBY COUNTY GOVERNMENT | ) | |
| SUPPORT SERVICES | ) | |
| FLEET SERVICES DEPARTMENT | ) | |
|    Defendant. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO AMEND AND DENYING AS MOOT
## MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant Shelby County Government's Motion for Judgment on the Pleadings, filed March 24, 2026. (ECF No. 26.) Plaintiff Mary Seiber filed her Response to Defendant's Motion for Judgment on the Pleadings, Request to Amend the Complaint to Clarify the Existing Allegations with Proposed Attached Third Amended Complaint on April 23, 2026. (ECF No. 29.) Shelby County replied on April 27, 2026. (ECF No. 30.) Although Plaintiff styles her response, in part, as a Request to Amend the Complaint, the Court construes her request as a motion to amend. For the reasons discussed herein, Plaintiff's motion to amend is **GRANTED IN PART AND DENIED IN PART**, and Defendant's Motion for Judgment on the Pleadings is **DENIED AS MOOT**.

## BACKGROUND[1]

Plaintiff filed this action on April 24, 2024, alleging violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), against Shelby County Government and seeking monetary relief. (ECF No. 1 at PageID 41.)  Following the initial filing, Plaintiff amended the complaint twice before Defendant responded.  (ECF Nos. 13, 15.)

The Second Amended Complaint, filed October 23, 2024, alleges that Plaintiff was paid at a "rate of pay of 81.25" while her male peers—whose jobs required equal "skill, effort, and responsibility"—were paid at a "rate of 86.66."  (ECF No. 15 at PageID 38.)  Although characterized as a "rate of pay," it appears that this reference is to the number of hours considered to have been worked during a pay period.  According to her, upon raising this disparity with Shelby County, she received little assistance and was moved to a different department at a rate of pay of 81.25.  (Id. at PageID 39.)

Defendant filed a Motion for Judgment on the Pleadings on March 24, 2026.  (ECF No. 26.)  In this motion, Shelby County raises four arguments.  First, according to Defendant, Plaintiff's claim is based, in part, on race, but race does not apply to the Equal Pay Act, which protects against sex-based discrimination.  (Id. at PageID 77.)  Second, Defendant argues that Plaintiff fails to establish a claim that she was paid less than her male counterparts, primarily due to confusion surrounding the phrase "rate of pay" and a lack of clarity surrounding how much Plaintiff and her peers were actually paid.  (Id. at PageID 78, 79.)  Third, according to Defendant, there are insufficient facts to support a retaliation claim because Plaintiff faced no

---

[1] This background is taken from the Second Amended Complaint of Willful EPA Violation (ECF No. 15), Defendant's Motion for Judgment on the Pleadings (ECF No. 26), Plaintiff's Response (ECF No. 29), and Defendant's Reply (ECF No. 30).  The allegations in Plaintiff's Third Amended Complaint as attached to Plaintiff's Response are assumed to be true for the purposes of ruling on these motions.  (ECF No. 29)

change in pay or responsibilities after she raised concerns with Shelby County.  (Id. at PageID 80.)  Fourth, although Plaintiff appears to include Support Services/Fleet Services as a defendant, the sole defendant in this case is Shelby County Government.  (Id. at PageID 81.)

As for Plaintiff's proposed amendment, Defendant, in its reply, appears to assert that Plaintiff waited too long to seek to amend again after the motion for judgment on the pleadings. (ECF No. 30 at PageID 101.)  Moreover, Defendant states that Plaintiff did not consult with Defendant before requesting to file another amended complaint in violation of the local rules. (Id.)

Plaintiff responded to Defendant's motion for judgment on the pleadings within the time allowed, but also with a proposed amended complaint.  (ECF No. 29.)  The response attempts to clarify the claim by alleging that "Plaintiff was paid for fewer hours on the same workday."  (Id. at PageID 89.)  The proposed amendment explains that Plaintiff and two of her male coworkers with similar responsibilities worked the same number of hours—a workday from 7:00 a.m. to 3:00 p.m.—but were subject to different pay structures.  (PageID 94.)  While working in Fleet Services, Plaintiff was paid based on 81.25 hours per pay period, while her peers were paid based on 86.66 hours per pay period.  (Id.)  After expressing concerns with management about the discrepancy, Plaintiff was moved to Support Services where the pay was based on 81.25 hours per pay period as opposed to the standard 86.66 in Fleet Services.  (Id. at PageID 95.) Additionally, Plaintiff alleges that, in the new position, she was asked to perform "impossible tasks that were outside of her job description" and that she was "shunned in the workplace because of her opposition."  (Id. at PageID 96.)

3

Of note, this amended complaint removes the mention of race from the Equal Pay Act claim.  (ECF No. 29 at PageID 91.)  Plaintiff also appears to acknowledge that Fleet Services, Support Services, and Shelby County Government are not separate entities.  (Id. at PageID 86.)

## ANALYSIS

Although the initial motion at issue here was Defendant's motion for judgment on the pleadings, an amended complaint, if permitted, moots Defendant's motion.   Therefore, the Court begins with consideration of Plaintiff's motion to amend to file a Third Amended Complaint.  Defendant opposes Plaintiff's amendment based on her failure to seek consent, its untimeliness, and its futility.  Each of Defendant's arguments is analyzed below.

## I.    Timeliness and Consent

When the time to amend a pleading as a matter of right has expired, and an adverse party does not consent to amendment, a party may nevertheless amend with leave of a court, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).  "If the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits."  Foman, 371 U.S. at 182.  Whether to grant leave to amend is committed to the court's sound discretion.  Id.

Two Local Rules are relevant to Defendant's arguments.  As to timeliness, "a party opposing a motion to dismiss must file a response within 28 days after the motion is served."  LR 12.1(b).  As to consent, all motions not excepted under the Federal Rules "shall be accompanied by a certificate . . . affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues.  Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion."  LR 7.2(a)(1)(B).

4

Here, Plaintiff filed her Response and Request for Amendment within the time afforded by an unopposed extension, satisfying the timeliness requirement of LR 12.1(b).  Plaintiff's original deadline to respond was April 21, 2026.  On April 17, she sought a two-day extension, which was granted, making her deadline April 23.  She timely filed her response on April 23.  Defendant asserts that Plaintiff waited sixteen months after the motion for judgment on the pleadings to seek this amendment; however, Plaintiff waited only twenty-four days.

To the extent Defendant argues that eighteen months elapsed between the filing of the Second Amended Complaint and Plaintiff's request for a third amended complaint, while Defendant would be correct, the decision to permit amendment remains within the Court's discretion. The passage of time alone does not justify denial absent a showing of bad faith or prejudice.  Moreover, although she did not consult with Defendant before filing the motion to amend, in violation of Local Rule 7.2(a)(1)(B), the Court finds good cause to allow the amendment so that it may consider the issues on their merits.  See Foman, 371 U.S. at 182.

## II.    Futility

Plaintiff's proposed Third Amended Complaint does not appear to be entirely futile, as her Equal Pay Act claim presents a plausible claim for relief, although her retaliation claim does not.

To determine whether an amendment would be futile, a court analyzes whether it appears that the proposed amendment would survive a subsequent motion to dismiss or a motion for judgment on the pleadings.  Showman v. Q Corp. Holdings, LLC, No. 23-cv-00986, 2024 WL 4336373, at *5 (N.D. Ohio Sep. 27, 2024).  In evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine

whether the complaint states a plausible claim for relief." Albrecht v. Treon, 617 F.3d 890, 893

(6th Cir. 2010) (citation modified) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

To establish an Equal Pay Act claim, a plaintiff must allege that the "employer pays

different wages to employees of opposite sexes for equal work on jobs the performance of which

requires equal skill, effort, and responsibility, and which are performed under similar working

conditions." Buntin v. Breathitt Cnty. Bd. of Educ., 134 F.3d 796, 799 (6th Cir. 1998) (citation

modified) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)). To establish a

retaliation claim, a plaintiff must demonstrate that she suffered an adverse employment action,

defined as "a materially adverse change in the terms and conditions of [a plaintiff's]

employment." Spees v. James Marine, Inc., 617 F.3d 380, 391 (6th Cir. 2010) (citation omitted).

Minor inconveniences or alterations in job responsibilities fall short of this standard. Id. The

court looks for a significant change in employment status, such as "hiring, firing, failing to

promote, reassignment with significantly different responsibilities, or a decision causing a

significant change in benefits." Id.

Here, viewing the facts in a light most favorable to Plaintiff, the proposed third amended

complaint asserts that Plaintiff worked the same workday as her male peers — 7:00 a.m. to 3:00

p.m. — while being paid using a different pay structure that appears to result in fewer hours paid.

Even though Defendant is correct that Plaintiff fails to provide a clear dollar discrepancy

between Plaintiff and her peers, it seems plausible that, if one were paid for more hours, one

would receive more pay overall. This conclusion points to a plausible allegation of unequal pay

for equal work. Thus, it appears that her motion to amend as to her Equal Pay Act claim would

not be futile.

To the extent Plaintiff alleges retaliation, however, as Defendant states, the proposed amended complaint does not provide any facts that support that claim. Plaintiff asserts Shelby County engaged in retaliation by transferring her to a different department where employees were paid based on 81.25 hours. Plaintiff's described transfer did not result in any change in responsibility or a cut in pay — Plaintiff alleges she was subject to the same pay structure of 81.25 when working in both Fleet Services and Support Services. She also asserts that she was "shunned" due to speaking out against Defendant. But Plaintiff provides no specific facts or details describing the alleged shunning, leaving the claim too vague to establish a materially adverse change in her working conditions. Thus, Plaintiff's motion to amend as to a retaliation claim, to the extent she makes such a claim, would be futile.

Thus, the Court **GRANTS IN PART** the motion to amend. Plaintiff's proposed Equal Pay Act claim would not be futile. Plaintiff's retaliation claim, however, fails to allege facts sufficient to establish a materially adverse employment action and is therefore futile. Accordingly, leave to amend the complaint is **GRANTED** as to the Equal Pay Act claim and **DENIED** as to the retaliation claim. Plaintiff shall file the Third Amended Complaint (ECF No. 29-1), without the proposed additional paragraphs as to the retaliation claim, as a new docket entry **within five days** of this Order.

The filing of the amended complaint will render moot Defendant's motion for judgment on the pleadings, as "[a]n amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." Bituminous Cas. Corp. v. Tindle Enters., Inc., No. 07-1158, 2009 WL 2843375, at *4 (W.D. Tenn. Aug. 31, 2009) (citation modified) (quoting Connectu LLC v. Zuckerberg, 522

7

F.3d 82, 91 (1st Cir. 2008)).  Defendant's motion for judgment on the pleadings is therefore

**DENIED AS MOOT.**

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend is **GRANTED IN PART AND**

**DENIED IN PART**, and Defendant's motion for judgment on the pleadings is **DENIED AS**

**MOOT.**  Plaintiff is **ORDERED** to file the Amended Complaint, consistent with this Order,

within five days of entry as a separate docket entry.

**IT IS SO ORDERED,** this 1st day of July, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE