**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY E. SEIBER,<br>Plaintiff,<br><br>v.<br><br>SHELBY COUNTY GOVERNMENT, SUPPORT SERVICES/FLEET SERVICES DEPARTMENT,<br>Defendant. | ) | No. 2:24-cv-02261-SHL-cgc |

**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTION TO AMEND SCHEDULING ORDER**

Before the Court is the Parties' Motion to Amend Scheduling Order, filed November 3, 2026. (ECF No. 41.) The Parties seek to extend all of the remaining deadlines established in the Scheduling Order. (Id. at PageID 151.) Specifically, they seek to extend the written discovery deadline from November 12, 2026 to February 1, 2027, extend "all other deadlines" in accordance, and reset the April 19, 2027 jury trial to "no earlier than July 19, 2027." (Id.)

As for good cause, the Parties contend that Defendant's counsel Attorney R. Joseph Leibovich "is having a total knee replacement" on December 11, 2026, and "he will be unlikely to meaningfully participate in this case until January." (Id.) They also state that extending all of the deadlines in the Scheduling Order "will give the Court the chance to rule on Plaintiff's pending Rule 54 Motion" wherein she seeks to certify as final the Court's July 1, 2026 ruling that denied in part Plaintiff's motion to amend her complaint as to a retaliation claim, to the extent she made such a claim, because amendment would have been futile. (Id.; ECF No. 32 at PageID 113.)

It appears from the present Motion that the Parties have inappropriately ceased discovery

because of Plaintiff's pending Motion. Moreover, Defendant's deadline to respond to Plaintiff's pending Motion was August 27, 2026. See L.R. 7.2(a)(2). Defendants missed that deadline, and thus the Court ordered them to respond to the Motion on or before October 26.[1] (ECF No. 38.) Defendants did so on October 20. (ECF No. 40.) Although Plaintiff's Motion will soon be ruled on, the Parties must always continue to adhere to the Scheduling Order even while a motion is pending.

Nevertheless, the Parties' Motion to Amend Scheduling Order is **GRANTED IN PART** and **DENIED IN PART**. Because it appears that the Parties inappropriately ceased working on the case, the deadline for discovery **SHALL** be extended to **DECEMBER 4, 2026**, and the deadlines for motions to exclude experts and to file dispositive motions **SHALL** be extended to **JANUARY 6, 2027**. No other deadlines will be extended.

**IT IS SO ORDERED,** this 5th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[1] Plaintiff inappropriately buried the details of the Parties' consultation within her Rule 54 Motion instead of including them in an attached certificate of consultation. See L.R. 7.2(a)(1)(B). Nevertheless, Defendant was still obligated to respond to the Motion given its opposition. The Parties are cautioned to review and follow the Local Rules going forward.