**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY E. SEIBER,<br>Plaintiff,<br><br>v.<br><br>SHELBY COUNTY GOVERNMENT, SUPPORT SERVICES/FLEET SERVICES DEPARTMENT,<br>Defendant. | ) | No. 2:24-cv-02261-SHL-cgc |

**ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION**

Before the Court is Plaintiff Mary E. Seiber's Request for Rule 54(b) Certification.[1] (ECF No. 35.) On July 1, 2026, the Court granted in part and denied in part Ms. Seiber's Motion to Amend Complaint, denying her leave to amend her retaliation claim because doing so would have been futile. (ECF No. 32.) She now seeks to certify that decision as final for appeal under Rule 54(b), and for the case to be stayed pending "further order of the Court." (ECF No. 35.) Defendant Shelby County Government opposes Ms. Seiber's Motion unless the entire case is stayed pending appellate resolution. (ECF No. 40 at PageID 148.) For the reasons below, the Motion is **DENIED**.

## I. BACKGROUND[2]

Plaintiff initiated this lawsuit in April 2024, alleging that Defendant paid her a "rate of

[1] Although Ms. Seiber styles her filing as a Request for Rule 54(b) Certification, the Court construes her request as a motion to certify a ruling as a final judgment under Rule 54(b).

[2] This background is taken primarily from Plaintiff's Third Amended Complaint. (ECF No. 33).

pay”[3] of 81.25, while it paid her male counterparts—whose jobs, she alleges, requires equal skill, effort, and responsibility—a rate of 86.66. (ECF No. 1 at PageID 3–4; ECF No. 33 at PageID 116–18.) According to Plaintiff, when she raised this pay disparity with Defendant, she received little assistance and was transferred to a different department at the same 81.25 rate of pay. (Id. at PageID 117.) After the transfer, Plaintiff contends that her responsibilities and duties remained the same as before. (Id. at PageID 118.) She also alleges that she was shunned, but gives no specific examples of how she was shunned. (Id.)

In March 2026, Defendant filed a Motion for Judgment on the Pleadings. (ECF No. 26.) Plaintiff's Response to Defendant's Motion included a “Request” to amend her complaint, which the Court construed as a Motion to Amend the Complaint for a third time. (ECF No. 29; ECF No. 32 at PageID 107.) The Court denied Defendant's Motion for Judgment on the Pleadings as moot, granted Plaintiff's Motion to Amend in part as to her proposed Equal Pay Act (“EPA”) claim, but denied it in part as to her proposed retaliation claim, finding that the retaliation claim would have been futile because Plaintiff failed to allege facts sufficient to establish a materially adverse employment action. (ECF No. 32 at PageID 113.) The Third Amended Complaint includes only Plaintiff's EPA claim. (ECF No. 33.)

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 54(b), “[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just

[3] Although characterized as a “rate of pay,” apparently this reference pertains to the number of hours per pay period for which Plaintiff was compensated under her annual compensation structure with Defendant. (ECF No. 33 at PageID 116.)

reason for delay." "Proper certification under Rule 54(b) is a two-step process." Planned Parenthood Sw. Ohio Region v. DeWine, 696 F.3d 490, 500 (6th Cir. 2012). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." Id. (quoting Gen. Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994)).

As to the first step, "claim" is a term of art as it is used in Rule 54(b). Sherrod v. Wal-Mart Store, Inc., 103 F.4th 410, 413 (6th Cir. 2024). A "claim" "is 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" Id. (quoting McIntyre v. First Nat'l Bank of Cincinnati, 585 F.2d 190, 192 (6th Cir. 1978)). "In that sense, two separate causes of action (say, for example, one for retaliation and one for breach of contract) can amount to one 'claim,' as that latter term is understood in this setting." Sherrod, 103 F.4th at 413. "Adjudicated and unadjudicated causes of action present separate claims when the operative facts underlying the two are distinct." Id. If the underlying facts are not distinct, Rule 54(b) certification is inappropriate. Id.

## III. ANALYSIS

Plaintiff contends that the Court should certify as final its July 1, 2026 ruling that denied in part her motion to amend the complaint as to her retaliation claim because amendment would have been futile. (ECF No. 35 at PageID 130.) She contends that certification is proper because (1) her EPA and retaliation claims were "separate enough that appeal of one does not destroy the essence of the other" because the EPA violation "could be filed without administrative exhaustion at the EEOC," while the retaliation claim could not; (2) the "alleged retaliation was an **outgrowth** of [] Plaintiff's [allegations] of discriminatory pay," (id. (emphasis added)); and

(3) the EPA violation can be resolved without resolving the retaliation claim, but the retaliation claim cannot be resolved without "**delving into [] Plaintiff's [allegations] of unequal pay and her ultimate transfer from the department about which she complained.**" (Id. (emphasis added).)

Defendant opposes the Motion if the Court does not stay "the entire case . . . pending appellate resolution." (ECF No. 40 at PageID 147.) Plaintiff does not oppose Defendant's position to stay the case because "she believes that the issue of retaliation, though separate and distinct, is **inextricably woven with her claims of unequal pay**." (ECF No. 35 at PageID 128 (emphasis added).)

The question here is whether the operative facts in support of the claims alleged are distinct or the same. Plaintiff provides the answer: according to her, the EPA and retaliation causes of action arise from the same operative facts. Despite this admission, in support of this Motion Plaintiff argues that the claims are "separate enough" because the EEOC has different requirements for exhaustion. (ECF No. 35 at PageID 130.) However, that the claims have different exhaustion requirements is irrelevant.

The conclusion that the facts are the same and that Plaintiff has not alleged a retaliation claim is demonstrated by a look at Plaintiff's allegations. Here, Plaintiff alleges that Defendant did not pay her equally, then retaliated by continuing to not pay her equally in a different department. The same compensation decision supplies the alleged wrong under both the EPA claim and the retaliation allegations. Moreover, Plaintiff's transfer did not result in any change in responsibility or pay. Rather, she was performing the same job for the same pay.

Plaintiff also contends that she was "shunned," but she provides no specific facts or details regarding the alleged shunning. She does apparently allege that the shunning was a result

of her complaints to the administrator about her unequal pay in the first place. (See ECF No. 33 at PageID 118.) She is thus correct that her retaliation claim is "inextricably woven with her claims of unequal pay" because they are one in the same, arising from the same operative facts. Consequently, Rule 54(b) certification is inappropriate.

Because Plaintiff's retaliation and unequal pay allegations arise out of the same operative facts, and are thus not separate or distinct claims, Rule 54(b) certification is inappropriate, and it is unnecessary to determine whether there is no just reason for delay for appellate review. See Sherrod v. Wal-Mart Stores, Inc., 103 F.4th 410, 414–15 (6th Cir. 2024) (holding that because "each cause of action [arose] out of the same claim," Rule 54(b) certification was improper). For these reasons, Plaintiff's Motion for Rule 54(b) Certification is **DENIED**.

**IT IS SO ORDERED,** this 9th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE